FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 19 2005

JAMES W. McCORMACK, CLERK
By: _____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 3:05CV00218 WRW |
| v. | ) ) | |
| TOBACCO SUPERSTORES, INC. | ) ) | COMPLAINT |
| Defendant. | ) ) ) | JURY TRIAL DEMAND |

This case assigned to District Judge Wilson
and to Magistrate Judge Forster

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race (Black) and to provide appropriate relief to Theresa Sharkey and a class of African American employees who were adversely affected by such practices. The Commission alleges that Theresa Sharkey and other African American employees of Defendant Tobacco Superstores, Inc. ("Defendant Employer") were denied promotion opportunities to serve in management by Defendant Employer because of race, African American, and that Defendant constructively discharged Ms. Sharkey by its discriminatory practices.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) and 707 of Title VII of the Civil Rights Act of 1964, as amended,

42 U.S.C. §§ 2000e-5(f)(1) and (3) and -6 ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for Eastern District of Arkansas, Jonesboro Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) and 707 of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and -6.

4. At all relevant times, Defendant Employer has continuously been an Arkansas corporation doing business in the State of Arkansas and the City of Blytheville, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h). Defendant Employer operates retail stores in Tennessee, Missouri and Mississippi, as well as Arkansas.

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Theresa Sharkey filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least March 2000, Defendant Employer has engaged in unlawful employment practices at Blytheville, Arkansas, and its other retail stores in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2. These discriminatory practices include

  a. failing to promote Theresa Sharkey to available management positions because of race;

  b. failing to promote other African American employees to available management positions because of race;

  c. constructively discharging Theresa Sharkey because of its discriminatory practices.

8. The effect of the practices complained of in paragraph 7 above has been to deprive Theresa Sharkey and other African American employees of equal employment opportunities and otherwise adversely affect their status as employees, because of their race (African American).

9. The unlawful employment practices complained of in paragraph 7 above were, and are, intentional.

10. The unlawful employment practices complained of in

paragraph 7 above were, and are, done with malice or with reckless indifference to the federally protected rights of Theresa Sharkey and other African American employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.   Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in race discrimination with regard to promotions and any other employment practice which discriminates on the basis of race, African American.

B.   Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for African Americans, and which eradicate the effects of its past and present unlawful employment practices.

C.   Order Defendant Employer to make whole Theresa Sharkey and other aggrieved African American employees, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and promotion of Theresa Sharkey and other aggrieved African American employees.

D.   Order Defendant Employer to make whole Theresa Sharkey

4

and other aggrieved African American employees, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, in amounts to be determined at trial.

    E.    Order Defendant Employer to make whole Theresa Sharkey and other aggrieved African American employees by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including emotional distress, pain and suffering, embarrassment, humiliation and loss of enjoyment of life, in amounts to be determined at trial.

    F.    Order Defendant Employer to pay Theresa Sharkey and other aggrieved African American employees punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

    G.    Grant such further relief as the Court deems necessary and proper in the public interest.

    H.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

**JAMES L. LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

*/s/ Katharine L. Kores*

**KATHARINE W. KORES**
Regional Attorney
Tennessee Bar No. 6283

*/s/ Terry Beck by MK*

**TERRY BECK**
Supervisory Trial Attorney
Tennessee Bar No. 9346

*/s/ Celia S. Liner*

**CELIA S. LINER**
Senior Trial Attorney
Arkansas Bar No. 90183

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
1407 Union Avenue, Suite 621
Memphis, Tennessee  38104
Telephone No. (901) 544-0075