FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 23 2006

JAMES W. McCORMACK, CLERK
By: _____
                DEP CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF ARKANSAS

JONESBORO DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | * | CIVIL ACTION |
| | * | NO. 3:05CV00218WRW |
| Plaintiff, | * | |
| | * | JUDGE WILSON |
| versus | | |
| | * | MAGISTRATE FORSTER |
| TOBACCO SUPERSTORES, INC. | * | |
| Defendant. | | |

**AGREED PROTECTIVE ORDER**

Numerous corporate documents of Tobacco Superstore Inc. ("TSS") contain confidential information, the disclosure of which could be harmful to TSS's business and affect its competitiveness. Further, TSS maintains numerous other records containing confidential information concerning its employees, the disclosure of which could be adverse to the employees. However, some of the above-described records may contain information relevant to Plaintiff's claims and, thus, be discoverable. Accordingly, counsel for TSS and counsel for Plaintiff herein stipulate and agree, subject to the Court's approval, that:

1. TSS shall designate any documents containing confidential information related to its business operations, finances, or employees as "confidential records" at the time the records are produced. Any records so designated are subject to this Agreed Protective Order. If TSS does not designate a document as a confidential record at the time it is produced but subsequently notifies Plaintiff that the document is a confidential record, the designated documents shall be subject to the Agreed Protective order at the time of notification.

2. The "confidential records" are to be considered confidential for purposes of this Order.

3. The "confidential records" may be used solely for the purpose of this litigation and for no other purpose.

4. The "confidential records" will be retained in the office of counsel for Plaintiff except that counsel for Plaintiff may remove the documents from the office for the time necessary for:

   A) Examination by experts or witnesses in this case who will testify about information on the confidential records;

   B) For use at Court for trial, hearing, or deposition.

5. Copying of the "confidential records" will be strictly limited to:

   A) Copies used as exhibits attached to depositions, motions, or other court filings;

   B) Necessary copies of the confidential records used as an exhibit at trial;

6. Plaintiff shall not disclose the contents of the "confidential records." Plaintiff shall allow individuals to view the "confidential records" only to the extent necessary to pursue Plaintiff's claims in this matter. Such individuals are limited to Plaintiff's attorneys the attorney's staff involved in this litigation, stenographers, reporters, witnesses, and experts involved in this matter. All persons having access to the "confidential records" shall be advised that the "confidential records" are subject to a protective order and shall agree to be bound thereto.

7. Any confidential designation is subject to challenge. The following procedures will apply to any such challenge:

   a. The burden of proving the necessity of a Confidential designation remains with the party asserting confidentiality.

   b. A party who contends that documents designated CONFIDENTIAL are not entitled to confidential treatment will give written notice to the party who affixed the designation of the specific basis for the challenge. The party who so designated the documents will have fifteen (15) days from service of the written notice to determine if the dispute can be resolved without judicial intervention and, if not, to move for an Order confirming the Confidential designation.

   c. Notwithstanding any challenge to the designation of documents as confidential, all material previously designated CONFIDENTIAL will continue to be treated as subject to the full protections of this Order until one of the following occurs:

       (1)    the party who claims that the documents are confidential withdraws such designation in writing;
       (2)    the party who claims that the documents are confidential fails to move timely for an Order designating the documents as confidential as set forth in paragraph 9.b. above; or
       (3)    the court rules that the documents should no longer be designated as confidential information.

    d.    Challenges to the confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

Nothing contained in this Order shall prevent the use of the "confidential records" or any part thereof, at trial, subject to the Court's approval, or at deposition with the following safeguards.

    a. If used at deposition, the deponent and the reporter will be informed of the protective order and be advised that pursuant to this protective order, he or she may not divulge any confidential information except as necessary in providing testimony or services in this litigation.

    b. In the event a party seeks to file any material that is subject to protection under this Order with the court, that party will take appropriate action to ensure that the documents receive proper protection from public disclosure by redacting the confidential information from that document.

At the conclusion of the litigation, Plaintiff shall destroy the documents according to its regular destruction procedure.

This Order will be subject to modification on motion of any party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Order. The Order will not, however, be modified until the parties will have been given notice and an opportunity to be heard on the proposed modification. The parties agree to make good faith efforts to comply with all terms of this Order.

Further, This Order is entered based on the representations and agreements of the parties and for purpose of facilitating discovery. Nothing herein will be construed or

presented as a judicial determination that any specific document or item of information designated as confidential by counsel is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as a document-specific ruling will have been made. This Order will take effect when entered and will be binding upon the counsel who signed below and their respective law firms and their respective clients.

WHEREAS, the parties to this Agreed Protective Order have stipulated that certain discovery material is and should be treated as confidential, and have agreed to the terms of this order, accordingly, it is this 22nd day of May, 2006, ORDERED.

_____
JUDGE WILLIAM R. WILSON, JR.

Respectfully submitted,

_____
**PAMELA B. DIXON (#95085)**
Senior Trial Attorney
Equal Employment Opportunity
Commission
820 Louisiana, Suite 200
Little Rock, AR 72201

**CELIA S. LINER (#90183)**
Senior Trial Attorney
Equal Employment Opportunity
Commission
1407 Union Avenue, Suite 621
Memphis, Tennessee 38104

**COUNSEL FOR PLAINTIFF,
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**

_____
**HENRY P. JULIEN, JR. (LSBA #7548)**
**ROBERT P. LOMBARDI (LSBA #26387)**
The Kullman Firm,
A Professional Corporation
1100 Poydras Street, 1600 Energy Centre
New Orleans, Louisiana 70163
Telephone: (504) 524-4162
Telecopier: 596-4189

**BRAD BEAVERS**
Sharpe, Beavers, Cline & Wright
Post Office Box 924
Forrest City, Arkansas 72336-0924
Telephone: 870.633.3141
Telecopier: 870.633.3594

**COUNSEL FOR DEFENDANT,
TOBACCO SUPERSTORE, INC.**