IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

EQUAL EMPLOYMENT OPPORTUNITY                                      PLAINTIFF
COMMISSION

VS.                              3:05CV00218-WRW

TOBACCO SUPERSTORES, INC.                                         DEFENDANT

## ORDER

Pending are Defendant's Motion for Partial Summary Judgment Regarding the Temporal Scope of the Class (Doc. No. 53) and Motion for Summary Judgment Based on Judicial Estoppel (Doc. No. 65), to which Plaintiff has responded to both (Doc. Nos. 59, 69). For the reasons set forth below, Defendant's Motion for Partial Summary Judgment Regarding the Temporal Scope of the Class is DENIED in part and GRANTED in part while Defendant's Motion for Summary Judgment Based on Judicial Estoppel is DENIED.

I.   BACKGROUND

The Equal Employment Opportunity Commission ("EEOC") asserts that Defendant Tobacco Superstores violated Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991 by engaging in discrimination through a pattern and practice of failing to promote African-Americans to store manager and assistant store manager since at least March 2000.[1]

This current action arises from an EEOC charge filed by Theresa Sharkey filed on March 27, 2002.[2] The EEOC has identified thirty-four additional individuals or class members

---

[1]Doc. No. 1.

[2]*Id.*

1

who seek to join in this case. It has defined the affected class as those current and former African-American employees who were employed by Tobacco Superstores from "at least March 2000 to present."[3]

Tobacco Superstores former promotion policy relied on an informal procedure where potential candidates were identified based upon the store manager's or area supervisor's belief that the employees were interested in promotion. The belief was formed during conversations with store clerical personnel where they indicated an interest in promotion.[4]

On July 11, 2003 Tobacco Superstores changed its promotion policy.[5] Tobacco Superstores implemented a formal policy to identify applicants and communicated those procedures to its employees. Employees were now notified, by a posting in all stores, that any employee seeking a promotion to a managerial position must send a resume or application to Tobacco Superstores's corporate office. Applications were kept on file for six months and considered for all managerial positions that became available in the stores where the employee requested to be considered.[6]

In September 2004, Tobacco Superstores began having new employees review and sign the policy.[7] They also made several small changes to it. For example, at the time of a

---

[3]*Id.*

[4]Doc. No. 54.

[5]*Id.*

[6]*Id.*

[7]*Id.*

management vacancy in a store, Tobacco Superstores asked all store clerical employees to indicate whether they were interested in the position and to fill out a form indicating their intent.[8]

Defendant Tobacco Superstores argues that the temporal scope of the class of affected African-Americans should be narrowly defined to claims arising from September 28, 2001 to March 27, 2002.  Defendant makes three specific arguments: (1) that the earliest date for an actionable claim against it is September 28, 2001; (2) that class member Michelle Jackson Bass and Solita Brown cannot "piggyback" on Ms. Sharkey's charge of discrimination because the statute of limitations has run on their claims; and finally, (3) the EEOC's forward temporal limit should be defined either by the date of Ms. Sharkey's charge or, at the latest, the date that Tobacco Superstores changed its policy.

Defendant also argues that it is entitled to partial summary judgment as to claims relating to Theresa Sharkey, Eunice Beavers, Carolyn Arnold, and Shirley Murray, based on judicial estoppel.  Defendant contends that since these class members have filed for bankruptcy and failed to include their claims against Defendant as a possible asset, they should be judicially estopped from making a claim in this Court and should be dismissed from the current action.

## II.    STANDARD

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds.[9]  The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

---

[8]*Id.*

[9]*Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56.

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[10]

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an extreme remedy that should only be granted when the movant has established a right to the judgment beyond controversy.[11]  Nevertheless, summary judgment promotes judicial economy by preventing trial when no genuine issue of fact remains.[12]  I must view the facts in the light most favorable to the party opposing the motion.[13]  The Eighth Circuit has also set out the burden of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*,"[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact.  It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion.  Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue.  If the respondent fails to carry that burden, summary judgment should be granted.[14]

Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[15]

---

[10]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[11]*Inland Oil & Transport Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

[12]*Id.* at 728.

[13]*Id.* at 727-28.

[14]*Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

[15]*Anderson*, 477 U.S. at 248.

## III.     DISCUSSION

### A.     Class Members Who Allege Claims Prior to September 28, 2001

Defendant argues that only claims based on allegations occurring on or after September 28, 2001 are timely.  Defendant contends that claims by Sophia Allen, Christine Anderson, Jamie Brown, Portia Davis, Michelle Jackson Bass, Taylor Murphy, Vonda Pearson, Syrita Stubenfield, and Citia Wells (Chew) should be dismissed as untimely.  Plaintiff contends that this argument is moot because the named class members above have already been dismissed from the case.  However, Defendant argues that Plaintiff still seeks relief for a class "since at least March 2000,"[16] and Plaintiff has added and dropped members at will.  Defendant seeks finality on this issue.

In order to bring suit a Title VII suit in federal court, a plaintiff must first file an administrative charge with the EEOC within 180 days after the "alleged unlawful employment action occurred."[17]  Job assignments, transfers, and non-promotions constitute completed acts at the time they occur and do not constitute continuing violations, even if some of the effects do no occur until later and are long lasting.[18]  Thus, the time for filing an EEOC charge runs from the date of a discriminatory act.  All discriminatory acts that occurred more than 180 days before the filing of the charge are time-barred under Title VII.[19]

---

[16]Doc. No. 1.

[17]42 U.S.C. § 2000e-5(e)(1)

[18]*Gipson v. KAS Snacktime Co.*, 83 F.3d 225, 229 (8th Cir. 1996).

[19]*Robinson v. Sears, Roebuck & Co.*, 111 F.Supp.2d 1101, 1117 (E.D. Ark. 2000).

However, courts have regularly held that the timely filing of an administrative charge by a named plaintiff in a class action satisfies the charge obligation of all members of the class.[20] This is known as the "piggybacking" rule. Piggybacking is permitted when: (1) the charge being relied upon must be timely and not otherwise defective; and (2) the individual claims of the filing and non-filing plaintiffs must have arisen out of similar discriminatory treatment in the same time frame.[21] Thus, since Ms. Sharkey's charge was filed on March 27, 2002, the time period for Title VII claims must begin no earlier than 180 days before to March 27, 2002, or September 28, 2001.

Defendant notes that Plaintiff can argue that the continuing violation doctrine is applicable which would extend the time period of discriminatory acts. This would allow Plaintiff to add claims to actions occurring before September 28, 2001. The continuing violation doctrine allows courts to consider conduct that would ordinarily be time barred as long as the untimely incidents represent an ongoing unlawful employment practice.[22]

However, the continuing violation doctrine does not include discrete discriminatory acts like failure to promote. The Supreme Court held that discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges.[23] The Court reasoned that discrete acts, such as failure to promote, are easy to identify.[24]

---

[20]*Id.*

[21]*Id.*

[22]*AMTRAK v. Morgan*, 536 U.S. 101, 107 (2002).

[23]*Id.*

[24]*Id.*

Although other discriminatory acts may have occurred before the filing, only incidents that took place within the timely filing period are actionable.[25]

So, if the piggybacking rule was applicable, class members seeking to piggyback on Ms. Sharkey's charges are limited to damages for the period between September 28, 2001 to March 27, 2002. Claims made by Sophia Allen, Christine Anderson, Jamie Brown, Portia Davis, Michelle Jackson Bass, Taylor Murphy, Vonda Pearson, Syrita Stubenfield, and Citia Wells (Chew), and others who seek claims outside that time period are therefore dismissed as untimely. Thus, the class must not include persons whose Title VII claims arose before September 28, 2001. Accordingly, Defendant's Motion for Summary Judgment as to Class Members Who Allege Claims Prior to September 28, 2001 is GRANTED.

### B. Class Members Who Were No Longer Employed by Defendant as of September 28, 2001

Similarly, Defendant argues that summary judgment is appropriate for any former employees whose employment ended 180 days before Ms. Sharkey filed her EEOC charge, or on September 28, 2001.

In *Greene v. Carter Carburetor Company*, the Eight Circuit held that termination of employment puts at rest the employment discrimination because the discharged individual is no longer an employee.[26] Thus, the date of discharge or resignation is the controlling date and a charge of employment discrimination must be filed in relation to that date.[27] So, former employees and class members who were no longer employed by Defendant as of

---

[25]*Id*.

[26]*Greene v. Carter Carburetor Co.*, 532 F.2d 125 (8th Cir. 1976).

[27]*Olson v. Rembrandt Printing Co*., 511 F.2d 1228, 1234 (8th Cir. 1975).

September 28, 2001 are time barred from making claims now.[28] Accordingly, Defendant's Motion for Summary Judgment as to Class Members Who Were Not Employed by Defendant as of September 28, 2001 is GRANTED.

### C. Piggybacking Class Members Bass and Brown

Defendant argues that class members Michele Jackson Bass and Solita Brown should also be dismissed since they failed to file lawsuits within ninety days after receiving their right to sue notices for charges they filed with the EEOC, and they cannot piggyback on Ms. Sharkey's charges to avoid the statute of limitations for filing their own case. Plaintiff argues that piggybacking is inapplicable because it is suing on behalf of the class members. Ms. Brown has already been dismissed by Plaintiff as a class member so this discussion will focus on Ms. Jackson Bass's claims.

The Eighth Circuit has permitted plaintiffs who did not filed administrative charges to piggyback on timely filing of an administrative charge filed by another claims who purported to represent the interests of a class of similarly situated employees as discussed above.[29] However, any members of the class who does not file an administrative charge is bound by the statute of limitations applicable to his or her charge.[30] Even if those plaintiffs are piggybacking on another employee's timely administrative charge, once they file separate administrative charges, they cannot rely any further on the other claimant's actions and must file suit after receiving their

---

[28]See *Leach v. Standard Register Co.,* 94 F.R.D. 621, 625 (W.D. Ark. 1982)(citing *Wetzel v. Liberty Mutual Ins. Co.*, 508 F.2d 239 (3rd Cir. 1975)(holding that only employees who left the employer more than 180 days before the filing of the EEOC charge are barred from the class).

[29]*Anderson v. Unisys*, 47 F.3d 302 (8th Cir. 1995).

[30]*Id.* at 309.

right to sue letters.[31]  Thus, any claimant who files an administrative charge and receives a right to sue letter from the EEOC must file suit within ninety days after receiving that letter to preserve their cause of action.

In this case, Ms. Bass filed an administrative charge with the EEOC on July 6, 2001.  She received a right to sue notice on July 10, 2001, but she failed to file suit against Defendant.  She cannot piggyback on Ms. Sharkey's claim since she filed her own administrative charge.  In order to maintain her suit, she should have filed suit within ninety days after receiving her right to sue notice -- she did not.

For the above stated reasons, Defendant's Motion for Summary Judgment as to Piggybacking Class Members Bass is GRANTED.

> **D.      Forward Temporal Scope of Class**
>
>> **1.      Class Members Who Allege Discrimination After Ms. Sharkey Filed Her Charge**

Defendant argues that claims of class members alleging non-promotions occurring after Ms. Sharkey filed her charge -- March 27, 2002 -- must be supported by a separate EEOC charge and should be dismissed if one was not filed.  Defendant contends that any other ruling would allow the EEOC to continually add new class members.

Alternatively, Defendant argues that claims arising after Defendant changed its discrimination policy should be dismissed as well.  Plaintiff contends that there are material questions of fact.  Specifically, Plaintiff argues that it is unclear whether Defendant's promotion policy was effective and stopped the discriminatory practice or was consistently applied.

---

[31]*Id.*

Defendant provides three reasons why the temporal scope should be limited: (1) the charges allege a definite time frame and the allegations by Ms. Sharkey occurred at only one store; (2) there are individuals in the class that were not identified during the administrative process; and (3) there was no notice to Defendant of these additional class members.

Defendant cites an Eleventh Circuit case, *Hipp v. Liberty National Life Insurance Company*, which held that the proper temporal scope should be limited to plaintiffs who alleged discriminatory treatment within 180 days before the representative charge was filed.[32] Plaintiff argues that the Eleventh Circuit case is not binding. It contends that since it has met all the jurisdictional requirements, Plaintiff's claims arising after March 27, 2002, are proper.

In *Hipp*, the court held that the appropriate forward looking cut-off date is the date the representative filed their charge with the EEOC and reasoned that a forward temporal scope was appropriate in order for the defendant to have notice of the charges against it.[33]

Defendant argues that the court's reasoning in *Hipp* should apply to the present action. Defendant contends that it was never properly notified concerning the other aggrieved parties other than Ms. Sharkey. Plaintiff disagrees.

Plaintiff argues that *Hipp* is not binding and the facts are not applicable to the present case. Plaintiff contends that Defendant, unlike the defendant in *Hipp*, had notice of possible post-charge promotion claims on March 27, 2002. Defendant was also notified on July 7, 2005 that there was reasonable cause to believe Defendant had discriminated against a class of

---

[32]*Hipp v. Liberty National Life Insurance Co.*, 252 F.3d 1208 (11th Cir. 2001).

[33]*Id.* at 1225.

10

African-Americans.  According to Plaintiff, the parties tried to reach agreement on this issues but were unsuccessful so Defendant had notice.

In *Kelley v. Harvest Foods, Inc.*, Judge Howard held that due to the broad scope a grievance charged in an EEOC complaint stating a pattern of continuing discriminatory conduct, as opposed to an isolated instance, the defendant was aware of the nature and extent of the claims.  He concluded that to require another administrative proceeding with the EEOC, encompassing essentially the same claims would be useless and ineffectual.[34]

The overall objectives in requiring a plaintiff to invoke the procedural requirements of Title VII before filing suit in federal court are: (1) to afford the EEOC an opportunity to promote conciliation between the parties; and (2) to afford prompt notice to the employer of the purported Title VII violation.[35]

Ms. Sharkey's charge put Defendant on notice that she was alleging a broad discriminatory policy and practice.  Further, Defendant was aware of the charges against it since the parties tried to reach an agreement on this issues but were unsuccessful.  Thus, since Defendant had notice of the alleged violations, Defendant's Motion for Summary Judgment Regarding the Forward Temporal Scope of the Class is DENIED.

### 2. Class Member Who Allege Discrimination After Defendant Changed Promotion Policy

Defendant argues that the forward temporal scope should be limited to the date Defendant changed its allegedly discriminatory practice.  Defendant contends that the claims of

---

[34]*Kelley v. Harvest Foods, Inc.*, 780 F. Supp. 605 (E.D. Ark. 1992).

[35]*Id.*

11

nine class members who were employed after July 11, 2003 should be dismissed since their claims occurred after Defendant implemented its new promotion policy. Plaintiff argues that Defendant has not presented evidence to show that the existence of the new policy ended the alleged discriminatory practice.

Plaintiff argues that even after the policy was implemented, there is a factual dispute over the effectiveness of the policy and the consistency in which the policy was applied. Plaintiff has produced testimony and several exhibits which provide questions of material fact, making summary judgment as to this issue inappropriate. For example, Plaintiff lists several individuals who were promoted after the new policy was implemented. However, after examining their files, these individuals had not submitted applications or resumes as required by the new policy. Also, several class member who were hired after the new policy was implemented do not recall signing the form. Finally, implementation of a new policy does not necessarily end the discriminatory practice.

Thus, there are material questions of fact in dispute as to whether Defendant's promotion policy eliminated the racially discriminatory promotion decisions. Accordingly, Defendant's Motion for Summary Judgment is DENIED.

### E. Defendant's Claim of Judicial Estoppel

Defendant argues that summary judgment is appropriate on Plaintiff's claims because some class members did not list this action as a possible asset in their bankruptcy proceedings.

Theresa Sharkey, Eunice Beavers, Shirely Murry, and Carolyn Arnold all filed for bankruptcy at one time.

Ms. Sharkey and her husband filed for bankruptcy on February 5, 2001.  She filed her charge against Defendant more than one year later on March 27, 2002.  The Sharkeys' petition was then converted to a Chapter 7 petition in 2003, and their debts were discharged by the bankruptcy court on November 17, 2003.

Ms. Beavers filed for bankruptcy on August 25, 2004.  She never filed a charge against Defendant, and she did not list it in her bankruptcy petition.  At the time Ms Beavers's petition as filed, Plaintiff had not filed suit.  Ms. Beavers's debts were then discharged by the bankruptcy court on September 14, 2007.

Similarly, Ms. Murry filed for bankruptcy on December 8, 2004.  She, like Ms. Beavers, did not file a charge against Defendant nor did she list this action in her bankruptcy proceeding.  However, as of April 24, 2007, there has been no discharge of her debt.

Finally, Ms. Arnold filed for bankruptcy on October 11, 1991 and her debts were discharged on January 13, 1992.  Ms. Arnold's bankruptcy occurred more than a decade before the present action.

Judicial estoppel is a common law doctrine where a party who has assumed one position in his pleadings is estopped from later assuming an inconsistent position.[36]  In other words, judicial estoppel "prevents a person who states facts under oath during the course of a trial from denying those facts in a second suit, even though the parties in the second suit may not be the same as those in the first."[37]

---

[36] *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001).

[37] *Monterey Dev. Corp. v. Lawyer's Title Ins. Corp.*, 4 F.3d 605, 609 (8th Cir. 1993).

The Supreme Court has outlined three factors to determine whether judicial estoppel can be invoked.[38] The three factors are not an exhaustive formula for determining whether judicial estoppel applies, but they aid a court in determining whether to apply the doctrine.[39]

The three factors are: (1) a party's later position must be clearly inconsistent with its earlier position; (2) there must be a perception that the party deliberately misled either the first or second court; and (3) the party seeking to asset an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.[40]

Defendant assert that the above class members' failure to disclose this action as an asset is an admission that no such claim exists, and they should be judicially estopped from claiming it now. However, judicial estoppel is not appropriate unless the judicial forum or process has been abused, and there is expressed reluctance to apply judicial estoppel in the absence of a knowing misrepresentation or fraud on the court.[41]

In *Stallings*, the Eighth Circuit held that in a bankruptcy context, the effect of not listing a cause of action on the petition is equivalent to representing to the court that such a claim does not exist.[42] The Court noted however that judicial estoppel does not apply when a debtor's

---

[38]*New Hampshire*, 532 U.S. at 750-751.

[39]*Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1048 (8th Cir. 2006).

[40]*New Hampshire*, 532 U.S. at 750-751.

[41]*Total Petroleum, Inc. v. Davis*, 822 F.2d 734, 738 n.6 (8th Cir. 1987).

[42]*Stallings*, 447 F.3d at 1048.

previous position was taken because of a good-faith mistake rather than as part of a scheme to mislead the court.[43]

The Eighth Circuit held that it may generally be reasonable to assume that debtor who fails to disclose a substantial asset in bankruptcy proceedings gain an advantage, the specific facts of a case may weigh against such an inference.[44] Careless or inadvertent disclosures are not the equivalent of deliberate manipulation.[45] The Eighth Circuit warned that judicial estoppel should only apply as an extraordinary remedy when a party's inconsistent behavior will result in a miscarriage of justice.[46] It concluded that a rule that the required intent for judicial estoppel can be inferred from the mere fact of nondisclosure in a bankruptcy proceeding will unduly expand the reach of judicial estoppel in post-bankruptcy proceedings and will result in the preclusion of viable claims on the basis of inadvertent or good-faith inconsistencies.[47]

Although the class members should have listed this action as a possible asset in their bankruptcy proceeding, I do not find sufficient evidence of an intent to knowingly misrepresent or defraud the Court based on the failure to list an EEOC charge in the bankruptcy proceeding. Under the facts presented, I can find no reason to conclude that Ms. Sharkey. Ms. Beavers, Ms. Arnold, or Ms. Murray have abused a judicial forum or process, or practiced a knowing misrepresentation or fraud on the Court.

---

[43]*Id.* at 1049.

[44]*Id.*

[45]*Id.*

[46]*Id.*

[47]*Id.*

previous position was taken because of a good-faith mistake rather than as part of a scheme to mislead the court.[43]

The Eighth Circuit held that it may generally be reasonable to assume that debtor who fails to disclose a substantial asset in bankruptcy proceedings gain an advantage, the specific facts of a case may weigh against such an inference.[44] Careless or inadvertent disclosures are not the equivalent of deliberate manipulation.[45] The Eighth Circuit warned that judicial estoppel should only apply as an extraordinary remedy when a party's inconsistent behavior will result in a miscarriage of justice.[46] It concluded that a rule that the required intent for judicial estoppel can be inferred from the mere fact of nondisclosure in a bankruptcy proceeding will unduly expand the reach of judicial estoppel in post-bankruptcy proceedings and will result in the preclusion of viable claims on the basis of inadvertent or good-faith inconsistencies.[47]

Although the class members should have listed this action as a possible asset in their bankruptcy proceeding, I do not find sufficient evidence of an intent to knowingly misrepresent or defraud the Court based on the failure to list an EEOC charge in the bankruptcy proceeding. Under the facts presented, I can find no reason to conclude that Ms. Sharkey. Ms. Beavers, Ms. Arnold, or Ms. Murray have abused a judicial forum or process, or practiced a knowing misrepresentation or fraud on the Court.

---

[43]*Id.* at 1049.

[44]*Id.*

[45]*Id.*

[46]*Id.*

[47]*Id.*

Since the class members did not file this action, they are not a party to this action, and they have no control over the EEOC's decision to bring this action, I will not expand the doctrine of judicial estoppel to hold that the class members abused the judicial process when they are not in control over the case.[48]  Plaintiff, the EEOC, is the master of its own case and the statute[49] gives it the authority to evaluate the strength of the public interest at stake.  Here, the EEOC, brings this lawsuit to discourage employers from basing promotion decisions on race.

Because there is insufficient evidence of an intent to knowingly misrepresent or fraud, summary judgment is not appropriate.  Further, since the EEOC is bringing this action against Defendant, judicial estoppel should not apply to the class members named above.  Accordingly, Defendant's Motion for Summary Judgment based on Judicial Estoppel is DENIED.

## IV.   CONCLUSION

For the above stated reasons, Defendant's Motion for Summary Judgment Regarding the Temporal Scope of the Class (Doc. No. 53) is GRANTED in part and DENIED in part as follows:

1.  Defendant's Motion for Summary Judgment as to Class Members Who Allege Claims Prior to September 28, 2001 is GRANTED.

---

[48] See *EEOC v. Apria Healthcare Group, Inc.*, 222 F.R.D. 608 (E.D. Mo., 2004).(holding that a former employee should not be judicially estopped because she had no control over the EEOC's decision to bring the lawsuit); *EEOC v. Digital Connections, Inc.*, No. 3:05-0710 2006, U.S. Dist. LEXIS 69529 (M.D. Tenn., September 26, 2006) (holding that the charging party did not abuse the judicial process when she did not list an EEOC charge in her bankruptcy position since the EEOC decided to bring suit).

[49] 42 U.S.C. § 2000e-5(f)(1).

2. Defendant's Motion for Summary Judgment as to Piggybacking Class Members Bass and Brown is GRANTED.

3. Defendant's Motion for Summary Judgment as to the Forward Temporal Scope of the Class is DENIED.

4. Defendant's Motion for Summary Judgment Based on Judicial Estoppel (Doc. No. 65) is DENIED.

IT IS SO ORDERED this 4th day of June, 2008.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE