**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**EQUAL EMPLOYMENT OPPORTUNITY                                                     PLAINTIFF
COMMISSION**

**VS.                                         3:05CV00218-WRW**

**TOBACCO SUPERSTORES, INC.                                                         DEFENDANT**

**ORDER**

Pending is Plaintiff's Motion to Compel Responses to Its Ninth Set of Requests for Production of Documents to Defendant (Doc. No. 50), to which Defendant has responded (Doc. No. 52).  For the reasons set forth below, the Motion is GRANTED.

**I.      BACKGROUND**

On September 19, 2005, Plaintiff filed this action on behalf on Theresa Sharkey and a class of African-American employees seeking compensatory and punitive damages to correct Defendant's allegedly unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991.

On April 11, 2007, Plaintiff moved to extend the deadlines in the Amended Final Scheduling Order.[1]  Defendant opposed the motion and argued that extension of deadlines and a continuance of the trial date would subject it to additional legal fees.[2]  Moreover, Defendant stated that its "financial viability may well be jeopardized by the expense of this litigation."[3]

---

[1] Doc. No. 33.

[2] Doc. No. 34.

[3] *Id.*

Plaintiff has sent nine sets of Requests for Production of Documents to Defendant. The ninth request is the only one currently at issue. Plaintiff requested that Defendant produce documentation which would support Defendant's contention that extending deadlines and continuing the trial date may jeopardize its financial viability.

Defendants objected to Plaintiff's request for three reasons: (1) Defendant's financial information is highly confidential and proprietary; (2) Defendant's financial status has not yet been placed at issue, and therefore, it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence; and (3) the request is overly broad.

## II.   STANDARD

Federal Rule of Civil Procedure 26(b)(1) allows discovery into "any matter, not privileged, that is relevant to the claim or defense of any party." Information sought in discovery does not need to be admissible at trial, so long as it appears reasonably calculated to lead to the discovery of admissible evidence.[4] A plaintiff, however, is not necessarily entitled to all discovery if the burden or expense of the proposed discovery outweighs its likely benefit.[5]

The discovery standard is necessarily broad in its scope to allow the parties essentially equal access to the operative facts. Further, in Title VII cases, "liberal civil discovery rules give plaintiffs broad access to document their claims."[6] However, discovery requests must be tailored to encompass a "reasonable time period,"[7] centered around the alleged discriminatory event.

---

[4] Fed. R. Civ. P. 26(b)(1).

[5] Fed. R. Civ. P. 26(b)(2).

[6] *Wards Cove Packing Co., Inc. v. Atonio*, 490 U.S. 642, 657 (1989).

[7] *See Burns v. Hy-Vee, Inc.,* No. 02-254 (D. Minn., 2002).

**III.     DISCUSSION**

The request for production at issue is Request for Production No. 1 in Plaintiff's Ninth Request for Production of Documents.  It reads,

> "Please produce all documents, including profit and loss statements, corporate tax returns, [and] all other financial documentation, which relate to the contention, as set out in the Opposition to Extension, that Defendant's financial viability may well be jeopardized by the expense of the litigation."[8]

Defendant's response reads,

> "Defendant objects to this request as overly broad since it is not limited to a specific time period.  Further, Defendant objects to this request because the information sought is of a highly confidential and proprietary nature.  Defendant's financial status has not yet been placed at issue in this litigation and is therefore irrelevant and not reasonably calculated to lead to the discovery of admissible evidence."[9]

Plaintiff's counsel is entitled to the discovery of financial records of Defendant in order to prepare a case on the issue of punitive damages.[10]  This information, however, will only become part of the evidentiary record if, at the close of all other evidence, Plaintiff has made a *prima facie* case of entitlement to punitive damages.

Defendant objects to Plaintiff's request for the production of financial records because the request is overly broad.  However, Plaintiff stated that it would be satisfied with responsive documents from March 27, 2002, the date Ms. Sharkey filed her charge, to present.  This time period is reasonable.

---

[8]Doc. No. 50.

[9]*Id.*

[10]*See Bessier v. Precise Tool & Engineering Co., Inc.* 778 F.Supp. 1509, 1513 (W.D. Mo. 1991).

Finally, Defendant argues that the documents and information requested by Plaintiff are confidential and proprietary. Since an Agreed Protective Order[11] is in place preventing Plaintiff from disclosing the contents of financial records designated by Defendant as confidential, Defendants will release this information for Plaintiff's use only.

In sum, Defendant must produce the documents requested in Plaintiff's Ninth Set of Requests for Production of Documents. Accordingly, Plaintiff's Motion to Compel Responses (Doc. No. 50) is GRANTED, and Defendant must produce these documents by 5 p.m., July 18, 2008.

IT IS SO ORDERED this 9th day of July, 2008.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[11]Doc. No. 13.